IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| L.A. JOHNSON | § | |
| VS. | § | CIVIL ACTION NO. 1:21-CV-73 |
| BRYAN WILLIAMS, *et al.*, | § | |

MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, L.A. Johnson, an inmate confined at the Stiles Unit with the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Warden Bryan Williams, Provider Klien, Officer S. Forblanka, Dennis Alexander and Vincent Jones.

The court has received and considered the Report and Recommendation of the magistrate judge filed pursuant to such order, along with the record, and pleadings (Doc. # 8). Plaintiff filed objections to the Report and Recommendation (Doc. # 11). This requires a *de novo* review of the objections in relation to the pleadings and applicable law. *See* FED. R. CIV. P. 72(b).

The magistrate judge recommended the case be dismissed pursuant to 28 U.S.C. § 1915(g) as Plaintiff has incurred three or more strikes and did not allege he was under imminent danger (Doc. # 8). Plaintiff filed this complaint no later than February 19, 2021, the date the complaint was received by the Clerk of Court (Doc. # 1). Plaintiff presented several allegations regarding the conditions of confinement at the Stiles Unit, appearing to involve multiple inmates. *Id.*[1] Plaintiff's allegations consisted of the following: fear of being exposed to the COVID-19 when placed in the "four gym" with other inmates who have not been tested, complaints about the prison guards "lying"

---

[1]Plaintiff later filed a Motion for Rule 23 Class Action (Doc. # 6). Plaintiff, however, did not provide the full name for these other inmates and/or their TDCJ Inmate Number and/or the representatives of their estates. Plaintiff alleges, for example, inmate Smith died from the COVID-19 on July 13, 2020, an old "black man" died in "4 Gym," Joe Thomas died July 27, 2020 in 12 Building, and a white male inmate died March 1, 2021 in A Wing. It would appear Plaintiff blames these deaths on the failure of officials at the unit to test for COVID-19.

about him having cancer, complaints about conditions being out of control on the unit where other inmates were physically injured, killed, died, or sexually assaulted in events that occurred in 2016 and 2020, complaints about the technician who performed a CAT scan of his liver not providing him information about what she was doing or the results in December of 2020, complaints of being assaulted by an unidentified African American officer, complaints about Defendant Forblanka interfering in his ability to get medical care for swelling in his leg, complaints about the dirty showers in the "four gym," and then finally complaints that he was falsely diagnosed with cancer. *Id*.  Plaintiff provided no time frame for these allegations other than the alleged conditions that occurred generally in 2016 and 2020.  *Id*.

In an Amended Complaint filed March 2, 2021, Plaintiff complains about the treatment of another inmate, Ronald Gilbert, who was unable to plug in his C-PAP machine to assist with his breathing (Doc. # 3).  Plaintiff also alleged that he and the other inmates had no access to mail, showers or medical care in the "Four Gym."  *Id*.

On March 19, 2021, Plaintiff filed a Motion to be Removed from Seg Lock Down (Doc. # 5).  Although hard to discern, it appears Plaintiff alleges he received surgery on March 9, 2021, where the doctors removed cancer from his liver.  *Id*.[2]  Plaintiff alleges retaliation when the unit warden placed Plaintiff in administrative segregation "lock-up" where the conditions are "nasty" and "dirty" without clean sheets or clothes after his surgery.  *Id*.  Plaintiff also contends that fires are started in the cells which make it difficult for him to breathe.  *Id*.

Plaintiff then filed a Motion to Consider with Affidavit in Support on March 22, 2021, repeating the same allegations in his Motion to be Removed from Seg Lock Down (Doc. # 7).  In addition, Plaintiff alleges the unit warden moved him on February 19, 2021, out of retaliation for filing this suit.  *Id*.  Plaintiff described the conditions as an emergency as there are a "lot of sick prisoners here since I had surgery March 9, 2021."  *Id*.

---

[2]This is admittedly inconsistent with Plaintiff's allegation that unit officials lied about him having cancer and/or falsely diagnosed him with cancer.

In his Objections, it appears Plaintiff alleges he was placed in imminent danger in March of 2021 when he was returned to the unit after having surgery to remove cancer at John Sealy Hospital. Objections (Doc. # 11).  Giving Plaintiff's Objections the most liberal construction, it would appear he is complaining that he was placed in imminent danger when returned to the unit and placed around other inmates who were sick with cancer, Hepatis C, AIDS, HIV, and he was exposed to cells that were "flooding" and "nasty" and "not fit for some one coming from surgery."  *Id*.

While Plaintiff described the latter event as an emergency, this event occurred after Plaintiff filed the original complaint.  Regardless, a review of all the allegations in Plaintiff's Original Complaint and subsequent pleadings reveals Plaintiff has still failed to plead sufficient facts to support the imminent danger exception.  This court can find no error in the recommendation of the magistrate judge.  "General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g)."  *Valdez v. Bush*, Civ. A. No. 3-08-CV-1481-N, 2008 WL 4710808, at *1 (N.D. Tex. Oct. 24, 2008) (citations omitted); *see also VanDyke v. La. Dep't of Corr.*, Civ. A.No. 20-0448, 2020 WL 1869016 (W.D. La. Apr. 13, 2020) (holding that generalized fears of COVID-19 do not establish a right to release or transfer (citing cases); *Littlejohn v. Whitmer*, 2020 WL 1685310, at *3 (W.D. Mich. April 7, 2020) (Plaintiff failed to allege imminent danger where the conditions of confinement did not place him in any greater risk than the general public and did not claim a particularized risk of imminent physical harm); *Johnson v. Wilcher*, No. CV420-089, 2020 WL 2064935, at *2 (S.D. Ga. Apr. 28, 2020) (imminent danger exception to section 1915(g) did not apply based on a general fear of COVID-19 in the prison);

ORDER

Accordingly, plaintiff's Objections are **OVERRULED**.  The findings of fact and conclusions of law of the magistrate judge are correct, and the reports of the magistrate judge are **ADOPTED**.

3

A Final Judgment will be entered in accordance with the recommendation of the magistrate judge.

**SIGNED** this the **24** day of **January, 2022.**


Thad Heartfield
United States District Judge